*Co.* v. *Leach & Co., Inc.*, 247 id. 1, 5, 7; *Rothschild* v. *Mack*, 115 id. 1, 8; *Byxbie* v. *Wood*, 24 id. 607, 611–612; *Gould* v. *Cayuga Co. Nat. Bank*, 86 id. 75, 83; *Barizi* v. *Title Guarantee & Trust Co.*, 253 App. Div. 830.) The action was not commenced until about eleven years after the bond and mortgage were purchased. It is, therefore, barred by the six-year Statute of Limitations. (Civ. Prac. Act, § 48, subd. 1.) Hagarty, Johnston, Taylor and Close, JJ., concur; Lazansky, P. J., concurs in result.

THE TRAVELERS INSURANCE COMPANY, Appellant, v. ALWIN G. STIEGLITZ, Respondent.— In an action brought pursuant to the provisions of section 29 of the Workmen's Compensation Law to recover the sum of $1,300, paid by plaintiff, an insurance carrier, pursuant to awards of the State Industrial Board made under and pursuant to subdivisions 8 and 9 of section 15 and section 25-a of the Workmen's Compensation Law, an order was entered denying plaintiff's motion to strike out defendant's answer and for judgment in favor of plaintiff, made pursuant to rule 104 of the Rules of Civil Practice, and containing another decretal provision. From so much of the order as denied its motion plaintiff appeals. Order, in so far as appealed from, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

GRACE I. WESTFALL, Respondent, v. TITLE GUARANTEE AND TRUST COMPANY, Appellant.— In an action in rescission, based on fraud and misrepresentation, to recover the purchase price of a participating mortgage certificate, the underlying security for which was vacant land in Queens county covered by the certificated mortgage, the plaintiff recovered a judgment which was entered upon the verdict of a jury. From that judgment defendant appeals. Judgment reversed on the facts and a new trial granted, with costs to the appellant to abide the event, upon the ground that the determination of the jury is against the weight of the evidence. In our opinion the evidence upon the trial eventuating in the judgment appealed from is not substantially different from that upon the former trial. (*Vide Westfall* v. *Title Guarantee & Trust Co.*, 255 App. Div. 1000.) Although questions of fact are presented by the evidence, it appears overwhelmingly therefrom that the allegations of the complaint were not sustained by proof upon the trial. A new trial is required in the interests of justice. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.

# FOURTH DEPARTMENT, DECEMBER, 1939.
## (December 1, 1939.)

AMBROSE J. McNAMARA, Appellant, v. HERBERT S. POWELL and POWELL MUFFLER Co., INC., as Successor to POWELL MUFFLER Co., Respondents.— Motion granted so far as to enlarge the time to file the accounting hereinbefore provided so as to include the 1st day of February, 1940, upon the following terms: That the defendants pay to plaintiff the sum of fifty dollars for expenses in relation to this motion, and further that defendants pay to plaintiff from this day forth the sum of sixty dollars per week, to be finally credited upon the judgment, if any, obtained by the plaintiff. Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ. [See *ante*, p. 848.]

In the Matter of Application of MILSOM M. BASSETT and JOHN J. PENSKY, Petitioners, for an Order of Review against ALBERT CONWAY, Justice of the Supreme

Court, Presiding over Extraordinary Trial Term of Erie County, Respondent. In the Matter of the Application of Robert E. Whiteside, Petitioner, for an Order of Review against Albert Conway, Justice of the Supreme Court, Presiding over Extraordinary Trial Term of Erie County, Respondent. In the Matter of the Application of John J. Gorman, Petitioner, for an Order of Review against Albert Conway, Justice of the Supreme Court, Presiding over Extraordinary Trial Term of Erie County, Respondent.— In each of the above-entitled proceedings motion of petitioners for a stay denied and application for a review of the determination of the respondent granted. Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ. [See *post*, p. 929.]

## (December 7, 1939.)

In the Matter of the Application of Milsom M. Bassett and John J. Pensky, Petitioners, for an Order of Review against Albert Conway, Justice of the Supreme Court, Presiding over Extraordinary Trial Term of Erie County, Respondent.— Determination of the respondent adjudging petitioners in criminal contempt of court confirmed and proceedings dismissed on the merits, without costs. Memorandum: On an examination of the record before us we have reached the conclusion that the evidence was sufficient to authorize the presiding justice to adjudge the petitioners guilty of criminal contempt as found by the trial justice under the specification contained in the affidavit of the special assistant district attorney upon which the proceeding was instituted. We do not find error of fact or law in the conduct of the proceeding or the rulings of the trial justice. All concur. (Proceeding to review contempt of court order.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

In the Matter of the Application of Robert E. Whiteside, Petitioner, for an Order of Review against Albert Conway, Justice of the Supreme Court, Presiding over Extraordinary Trial Term of Erie County, Respondent.— Determination of the respondent adjudging petitioner in criminal contempt of court confirmed and proceeding dismissed on the merits, without costs. Memorandum: On an examination of the record before us we have reached the conclusion that the evidence was sufficient to authorize the presiding justice to adjudge the petitioner guilty of criminal contempt as found by the trial justice under the specification contained in the affidavit of the special assistant district attorney upon which the proceeding was instituted. We do not find error of fact or law in the conduct of the proceeding or the rulings of the trial justice. All concur. (Proceeding to review contempt of court order.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

In the Matter of the Application of John J. Gorman, Petitioner, for an Order of Review against Albert Conway, Justice of the Supreme Court, Presiding over Extraordinary Trial Term of Erie County, Respondent.— Determination of the respondent adjudging petitioner in criminal contempt of court confirmed and proceeding dismissed on the merits, without costs. Memorandum: On an examination of the record before us we have reached the conclusion that the evidence was sufficient to authorize the presiding justice to adjudge the petitioner guilty of criminal contempt as found by the trial justice under the specifications contained in the affidavit of the special assistant district attorney upon which the proceeding